BEFORE THE THIRD DIVISION

JANUARY 16, 1950

**No. 53944.**—The Josebra Company v. United States, protest 115893–K/74718 (San Francisco).

EKWALL, Judge: This case is before us on a motion to amend the pleadings. The original protest is in the following language:

\*   \*   \*   \*   \*   \*   \*

The so-called internal revenue tax should not be based upon the number of wine gallons of imported merchandise, when imported under proof, but should be based upon the distilled spirit content of this merchandise at the appropriate rate per proof gallon of distilled spirit contained in it. Sec. 528 Tariff Act of 1930 as amended; 26 U. S. C. A. Sec. 1150 (c). Internal Revenue Code Sec. 2800 (c).

It is further claimed that the so-called internal revenue tax should be assessed only upon the quantity of proof spirits contained and not on the number of wine gallons by virtue of Reciprocal Trade Agreements.

(See Belgian Trade Agreement, T. D. 47600;
Haiti Trade Agreement, T. D. 47667;
Netherlands Trade Agreement, T. D. 48075;
Canadian Trade Agreement, T. D. 48033; T. D. 49752;
French Trade Agreement, T. D. 48316;
United Kingdom Trade Agreement, T. D. 49753.)

In the alternative, it is further claimed that the rate should be $2.00 rather than $9.00 per proof or wine gallon. (See Trade Agreements supra.)

The protest also contains printed claims under paragraphs 1558 and 1559 of the Tariff Act of 1930.

By amendment to the above, plaintiff seeks to add the following claim:

Under paragraph 813, Tariff Act of 1930, as amended by the act of June 8, 1948, Public Law 612, duty should be assessed upon the same quantity of wines, liquors, cordials or distilled spirits as that which was subjected to final assessment of internal-revenue taxes.

The motion to amend is opposed by Government counsel on the following grounds: (1) That the amendment sought is in fact against the collector's reliquidation pursuant to the judgment of this court covering the same entry (Abstract 51947); (2) that it seeks relief beyond the scope of this court's final judgment in a prior protest claiming allowance for loss upon the same entry and therefore is untenable for the reason that the question of dutiable quantities in that entry is

no longer subject to protest, that issue having been disposed of by final decision of this court in said Abstract 51947, and the collector's reliquidation pursuant thereto giving no new right of protest except on the question of whether he properly complied with the court's mandate; and (3) that plaintiff is estopped to make the claim set forth in the motion to amend by reason of expressed waivers and limitations set forth in the written stipulation previously filed in protest 115892–K, decided in said Abstract 51947.

For the reasons set forth in our decision on an identical motion filed in connection with protest 117513–K, decided January 11, 1950 (Abstract 53914) in which the situation is on all fours with that here presented, the motion is granted.